**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

WILLIAM R. JACKSON,            :
                              :
            **Plaintiff,**      :
                              :
      V.                      :
                              :      **NO. 5:26-cv-00002-TES-AGH**
                              :
GEORGIA DEPARTMENT            :
OF CORRECTIONS, *et al.,*       :
                              :
            **Defendants.**     :
                              :
_____ :

## ORDER OF DISMISSAL

Plaintiff William R. Jackson, a prisoner in the Wheeler Correctional Facility in Alamo, Georgia, filed a pleading that was docketed in this Court as a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff did not use one of the Court's standard forms. Instead, Plaintiff handwrote this document, in which he attempts to initiate a criminal action against the Georgia Department of Corrections and the Board of Pardons and Paroles. *See id.*

The Eleventh Circuit, however, has held that an individual does not have the right to bring a criminal complaint as a private cause of action. *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002) for the proposition that "criminal statutes do not provide for private causes of action"). Thus, Plaintiff does not have a right to file a criminal complaint in this Court against the named Defendants.

The Court declines to construe Plaintiff's purported criminal complaint as a civil rights complaint.   Notably, Plaintiff has not paid the filing fee for a civil action, and the Court would not grant leave to proceed *in forma pauperis* because Plaintiff has accrued three strikes for the purposes of 28 U.S.C. § 1915(g) and his complaint does not allege facts showing that he is in imminent danger of serious physical injury.   *See* Final R. & R., *Jackson v. Ward*, Case No. 1:24-cv-02193-AT (N.D. Ga. May 29, 2024) (collecting cases and concluding that Plaintiff had accrued three strikes), ECF No. 6, adopted by the District Judge at Order, ECF No. 8.   If Plaintiff wants to attempt to proceed with a civil rights complaint, he must initiate a new case by filing a complaint on the proper form and submitting the $405.00 filing fee.

Finally, Plaintiff has also filed a "notice of removal," which appears to be attempting to remove a state court case to this Court.   ECF No. 6.   In the notice of removal, Plaintiff does not identify the proceeding that he is attempting to remove, but the documents he attached to the notice appear to be from a state habeas corpus case challenging Plaintiff's current incarceration.   *See, e.g.*, ECF Nos. 6-5, 6-7, & 6-10.

Plaintiff cites 28 U.S.C. §§ 1331, 1343, 1367, 1443, and 1446 in his notice of removal. Of these statutes, §§ 1331, 1343, and 1367 relate to the original jurisdiction of district courts.   None of these sections provides this Court with jurisdiction over a pending state court habeas corpus petition.   Moreover, §§ 1367 and 1446 relate to removal of cases from

2

the state courts to federal courts, but they do not permit removal in this case. In particular, §§ 1443 and 1446 allow for removal of certain civil actions and criminal prosecutions "by the defendant." They do not permit removal of a state court habeas case by the petitioner.

Thus, Plaintiff's notice of removal was not effective to remove anything to this Court. Moreover, the Court will not construe this notice as a petition for writ of habeas corpus given that it appears from his filings that Plaintiff has not exhausted his state court remedies.

Therefore, as Plaintiff is not entitled to pursue a criminal complaint in this Court or to remove his state habeas corpus case to this Court, this case is now **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 21st day of April, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

3